# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

No. 06-20867

Charles R. Fulbruge III
Clerk

WILLIAM D. SULLIVAN,

Plaintiff–Appellant,

v.

LEOR ENERGY LLC; LEOR ENERGY LP,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, STEWART, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

William Sullivan appeals the district court's dismissal of his state law claims against Leor Energy, LLC and Leor Energy LP (collectively Leor). For the following reasons, we affirm.

## I

This case arises out of a contract dispute between Sullivan and Leor. Sullivan's First Amended Complaint presents the facts as follows. Leor is an energy company with rights to certain oil and gas properties in Robertson County, Texas. Sullivan was introduced to Leor as a possible candidate to serve as its Chief Executive officer. Numerous discussions ensued for the next two months, and the parties "tentatively agreed" that Sullivan would become the

Chief Executive Officer and President of Leor, Sullivan would commit 30% of his time to Leor's business, and would receive a salary, additional compensation, and equity in an entity that was to hold the Robertson County properties. Attorneys for Leor prepared drafts of an employment agreement, none of which either party signed. Leor attached to its answer to Sullivan's Complaint a draft of an employment agreement, which Leor says was the last that the parties discussed. It is lengthy and detailed. The compensation provisions contemplated a base salary of $180,000 per year, a potential discretionary bonus, and a potential equity interest in an entity that was to be formed. Sullivan alleges that Leor promised to sign an agreement and that Sullivan therefore began working for the company. Leor represented to potential investors that Sullivan was its President and CEO, and Sullivan succeeded in securing financing for Leor that would enable it to commence exploration of the Robertson County properties. Shortly after that transaction was consummated, Leor terminated Sullivan's employment without cause. A written employment agreement had never been executed.

Sullivan sued Leor in state court, asserting claims under Texas state law for breach of contract, quantum meruit, unjust enrichment, fraud, equitable and promissory estoppel, and "detrimental reliance." Leor removed the suit to federal district court based on diversity jurisdiction. The district court dismissed Sullivan's amended complaint for failure to state a claim. Sullivan now appeals. He contends that the district court erred in concluding that the statute of frauds bars enforcement of the compensation provisions in the unsigned contract. Alternatively, Sullivan argues that he falls within the partial-performance exception to the statute of frauds. He also argues that if the statute of frauds would otherwise apply, the district court erred in dismissing his contention that either promissory estoppel or equitable estoppel bars application of the statute of frauds. He further asserts that the district court erred in dismissing his

No. 06-20867

claims for quantum meruit, unjust enrichment, and fraud, and abused its discretion in dismissing his claims without granting him leave to amend his complaint.

## II

We review de novo a district court's dismissal under Rule 12(b)(6), accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[3] In ruling on a motion to dismiss, the district court generally "must not go outside the pleadings."[4] However, the court may consider documents attached to a motion to dismiss that "are referred to in the plaintiff's complaint and are central to the plaintiff's claim."[5]

## III

Sullivan first argues that the district court erred in finding that his breach of contract claim is barred by the Texas statute of frauds.[6] He maintains that

---

[1] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see Iqbal*, 129 S. Ct. at 1949.

[4] *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

[5] *Id.*

[6] Tex. Bus. & Com. Code Ann. § 26.01.

3

his agreement with Leor is enforceable because it is an at-will contract that is performable within one year.

The statue of frauds bars enforcement of contracts that cannot be performed within one year unless the contract is in writing and signed by the party to be charged with the promise.[7]   Sullivan asserts that the draft employment contract reflects the essential elements of the parties' agreement. That draft states that Leor Energy LLC agrees to employ Sullivan for a fixed term of approximately two and a half years.  The draft contract prohibits Sullivan from competing with Leor LLC for twelve months after termination of Sullivan's employment.  It also provides that either party may terminate the agreement, with or without cause, and specifies remedies in the event of termination.  Leor was entitled to terminate upon giving written notice, and Sullivan was entitled to terminate upon giving 30 days written notice.

Sullivan contends that because the contract provides for termination without cause, it creates an employment-at-will relationship of an indefinite term, which would be performable in one year and thus not barred by the statute of frauds.  However, under Texas law, a contract for a stated term longer than one year is not taken out of the statute of frauds when there is a mere possibility of termination within one year due to contingent events set forth in the contract, including termination by a party.[8]  In *Gilliam v. Kouchoucos*, the Supreme Court of Texas held that the possibility that a party to a contract might die less than a year after a contract with a term of more than one year was consummated does not take the agreement out of the statute of frauds.[9]  As a corollary, the Texas court recognized in *dicta* that the same reasoning applies when a contract

---

[7] *Id.*

[8] *See Gilliam v. Kouchoucos*, 161 Tex. 299, 302, 340 S.W.2d 27, 29 (1960).

[9] 161 Tex. at 302, 340 S.W.2d at 29.

No. 06-20867

expressly grants either party the right to terminate at any time a contract with a stated term of more than one year:

> Contracts for service for more than a year . . . [terminable] at the election of a party upon the happening of some event, or even at the mere will of a party, have generally been held to be within the statute. The contemplated performance would occupy more than a year. If the contract should be terminated within the year, the result would not be an alternative form of performance, but excusable nonperformance.[10]

In *Gilliam*, the Texas court cited Williston on Contracts as support for this conclusion.[11] Section 24:9 of Williston expresses the view that

> [o]ral agreements which are subject to a right of cancellation or defeasance, not by operation of law but by the express terms of the contract, within the period of a year – such as a contract for several years' service containing a provision permitting termination by either party on a week's or a month's notice – are generally held to be within the Statute.[12]

The Texas courts of appeals have continued to follow the rule announced in *Gilliam*:

> [I]f an agreement could be fully "performed" within one year of its making, section 26.01(b)(6) does not apply. But if the occurrence of some other contingent event, even if expressly contemplated in the agreement, would simply terminate the agreement before the agreement had been fully performed, then the possibility of that terminating event occurring within one year of the

---

[10] *Id.*

[11] *Id.*

[12] 9 WILLISTON ON CONTRACTS § 24:9 (4th ed. 2009).

No. 06-20867

agreement's making is insufficient to take the agreement outside of section 26.01(b)(6).[13]

Although the Restatement (Second) of Contracts appears to take a contrary position,[14] Texas law is consistent with what the court in *Gilliam* deemed to be the majority view on this issue.[15] The *Gilliam* court noted that there was "respectable authority to the contrary," but that it was "definitely committed" to its approach.[16] Accordingly, as the alleged agreement is for a stated term of more than a year, and Leor did not sign any document reflecting the parties' agreement, enforcement is barred by the statute of frauds. We note that we express no opinion as to whether the draft agreement was one for "at will" employment. Whether the employment agreement was "at will" is not determinative of whether it comes within the Texas statute of frauds.

## IV

Sullivan contends that he falls within the partial-performance exception to the statute of frauds. "Partial performance removes an oral agreement from

---

[13] *Young v. Ward*, 917 S.W.2d 506, 511 (Tex. App.–Waco 1996, no writ) (internal citations omitted); *see also Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 934 (Tex. App.–Houston [14th Dist.] 1994, no writ) ("When a contract is for a term longer than one year, the mere possibility of termination within a year because of death or another contingent event does not then insulate it from the statute of frauds.").

[14] *See* RESTATEMENT (SECOND) OF CONTRACTS § 130, cmt. b, illus. 6.

[15] *See* 340 S.W.2d at 29; *see also* 9 WILLISTON ON CONTRACTS § 24:9 ("In accord with the majority view, it has been said, 'most cases . . . hold a contract to render service for more than a year to be within the intention and force of the statute, notwithstanding one or both of the parties may have the option of ending it by notice in a year, because full performance cannot be rendered in a year consistently with the understanding of the parties.'"); *id.* ("A case clearly illustrative of the majority rule that an oral promise subject to an express defeasance within the period of a year is nevertheless unenforceable, involved an oral agreement under which defendant agreed to purchase the entire output of buttermilk for a period in excess of one year, but either party had the option of cancelling the agreement under certain circumstances. The court held that the optional cancellation provision was a defeasance clause and the agreement was within the Statue.").

[16] 161 Tex. at 303, 340 S.W.2d at 29.

the statute of frauds only if the performance is unequivocally referable to the agreement and corroborative of the fact that the contract was made."[17] Sullivan points to the fact that he performed valuable services for Leor and was paid a salary for that period of time. However, payment of a salary for services rendered "is insufficient to take the alleged agreement out of the statute of frauds because the services were fully explained by the salary without supposing any additional consideration."[18]

Furthermore, this partial-performance exception to the statute of frauds applies only "if denial of performance would amount to a virtual fraud," which requires "strong evidence establishing the existence of an agreement and its terms, [that] the party acting in reliance on the contract has suffered a substantial detriment for which he has no adequate remedy, and the other party, if permitted to plead the statute, would reap an unearned benefit."[19] Sullivan has not demonstrated that he has "suffered a substantial detriment for which he has no adequate remedy." Nor has he alleged facts showing that Leor will "reap an unearned benefit" if the statue of frauds is applied. More importantly, even if Sullivan could prove that the partial-performance exception applies, he would be entitled only to reliance damages, and not the contract damages he seeks.[20]

## V

Sullivan argues that promissory estoppel, equitable estoppel, and "detrimental reliance" bar Leor from invoking the statute of frauds. "If the elements of promissory or equitable estoppel are met, then a promisee may

---

[17] *Biko v. Siemens Corp.*, 246 S.W.3d 148, 161 (Tex. App.–Dallas 2007, pet. denied) (citing *Chevalier v. Lane's Inc.*, 147 Tex. 106, 213 S.W.2d 530 (1948)).

[18] *Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex. App.–Texarkana 1989, no writ).

[19] *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App.–Dallas 2002, pet. denied).

[20] *See id.* at 441.

enforce an otherwise unenforceable contract."[21]  Under Texas law, promissory estoppel requires that "the agreement that is the subject of the promise must comply with the statute of frauds.  That is, the agreement must be in writing at the time of the oral promise to sign it."[22]

The district court concluded that Sullivan had failed to allege all the elements necessary to bring his claim within the doctrine of promissory estoppel We assume without deciding that Sullivan's amended complaint arguably alleged that Leor agreed to sign a specific written agreement.  His promissory estoppel claim nevertheless fails because he affirmatively asserted in his response to Leor's motion to dismiss that no written document was finalized, rendering him unable to satisfy the elements of promissory estoppel. Sullivan cannot now change his position.  This admission bars Sullivan from taking a contrary position on appeal.[23]

With regard to equitable estoppel, some Texas courts have "refus[ed] to recognize [equitable estoppel] as a distinct cause of action separate from promissory estoppel or fraud."[24]  It is also far from clear that Texas courts recognize "detrimental reliance" as a distinct cause of action.  We do not resolve either of these issues here because Sullivan has failed to allege reliance damages.  Recovery under an estoppel or reliance theory is "limited to reliance

---

[21] *Transcon. Realty Investors, Inc. v. John T. Lupton Trust*, 286 S.W.3d 635, 648 (Tex. App.–Dallas 2009, no pet.).

[22] *Breezevale Ltd.*, 82 S.W.3d at 438.

[23] *See Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 498 (5th Cir. 1982) (noting that an admission in a pretrial order "is usually a waiver of the assertion of a contrary position").

[24] *Kelly v. Rio Grande Computerland Group*, 128 S.W.3d 759, 769 (Tex. App.–El Paso 2004, no pet.); *see, e.g.*, *Watson v. Nortex Wholesale Nursery, Inc.*, 830 S.W.2d 747, 751 (Tex. App.–Tyler 1992, writ denied); *Crowder v. Tri-C Res., Inc.*, 821 S.W.2d 393, 397 (Tex. App.–Houston [1st Dist.] 1991, no writ).

No. 06-20867

damages,"[25] which "put the promisee in the position he would have been in had he not acted in reliance upon the promise."[26]  Sullivan has not alleged reliance damages, and instead is seeking damages based on the compensation provisions in a draft contract.  Sullivan also does not dispute that he was paid a salary for his services.  Sullivan has not stated a claim based on an estoppel theory.

## VI

Sullivan further asserts that the district court erred in dismissing his quasi-contract claims for quantum meruit and unjust enrichment.  He acknowledges that he received a salary from Leor but contends that this does not preclude him from recovering under a quantum meruit theory since he was not "fully compensated" by Leor.

Quantum meruit is an equitable claim whereby one who provides services to another may recover "based on an implied agreement to pay for benefits received."[27]  Quantum meruit "does not arise out of a contract, but is independent of it."[28]  Recovery should be allowed under this theory when "non payment for the services rendered would result in an unjust enrichment to the party benefited by the work."[29]  The measure of damages in quantum meruit is the "reasonable value of the work performed."[30]

Sullivan has failed to state a claim in this regard.  As discussed, he concedes that Leor paid him a salary, and he has alleged no facts suggesting that

---

[25] *Transcon. Realty Investors*, 286 S.W.3d at 648 (citing *Fretz Constr. Co. v. So. Nat'l Bank of Houston*, 626 S.W.2d 478, 483 (Tex. 1981)); *see also Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1965).

[26] *Wheeler*, 398 S.W.2d at 97.

[27] *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.3d 39, 41 (Tex. 1992).

[28] *Vortt Exploration Co., Inc. v. Chevron USA, Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

[29] *Id.*

[30] *Johnston v. Kruse*, 261 S.W.3d 895, 902 (Tex. App.–Dallas 2008, no pet.).

the salary was unreasonable. As the district court noted, Sullivan is essentially arguing that he was not "fully compensated" since he did not receive the salary *and* the additional compensation set forth in the unsigned employment contract. But quantum meruit cannot be used to enforce the terms of an unsigned draft of a contract, and Sullivan has alleged no facts showing that the salary was not the "reasonable value" for the services he rendered. Accordingly, the district court correctly dismissed Sullivan's claim for quantum meruit.

Sullivan's unjust enrichment claim is similarly meritless. A plaintiff may recover under an unjust enrichment theory "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."[31] Unjust enrichment "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to pay."[32] As discussed, Sullivan has alleged no facts suggesting that Leor was unjustly enriched when it paid Sullivan only a salary for his services. Accordingly, the district court did not err in dismissing this claim.

## VII

Sullivan next challenges the district court's dismissal of his fraud claims for failure to comply with Federal Rule of Civil Procedure 9(b). State law fraud claims are subject to the heightened pleading requirements of Rule 9(b).[33] To plead fraud adequately, the plaintiff must "specify the statements contended to

---

[31] *Heldenfels*, 832 S.W.3d at 41.

[32] *Argyle Indep. Sch. Dist. v. Wolf*, 234 S.W.3d 229, 246 (Tex. App.–Fort Worth 2007, no pet.) (internal quotation marks and citation omitted).

[33] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338-39 (5th Cir. 2008).

No. 06-20867

be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[34]

Sullivan alleges that "Leor falsely and recklessly or knowingly represented to Sullivan that it would employ him and compensate him as its CEO according to the parties' negotiated terms of employment" and that "Leor . . . represented to Sullivan that the parties had an agreement regarding Sullivan's employment." But he does not allege who at the company made the statements or when or where they occurred. Sullivan has failed to allege fraud with particularity under Rule 9(b).

## VIII

Lastly, Sullivan challenges the district court's decision to dismiss his complaint with prejudice. We review the district court's decision to grant a motion to dismiss with or without prejudice for abuse of discretion.[35]

Sullivan argues that the district court should have allowed him leave to amend his pleadings since, under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely" given when justice requires. However, Rule 16(b) governs the amendment of pleadings after the deadline for amendments in the court's scheduling order expires,[36] as it had in this case. Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[37]

Leor moved to dismiss Sullivan's original complaint, and Sullivan, on notice of possible pleading deficiencies, thereafter filed a first amended

---

[34] *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (internal quotation marks and citation omitted).

[35] *Club Retro, LLC v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009).

[36] *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

[37] F ED. R. CIV. P. 16(b).

11

complaint. When Leor filed its motion to dismiss the amended complaint, Sullivan asserted in his opposition that if necessary, he would replead with even more particularity. Yet in the nine months between the filing of the motion to dismiss and the court's ruling, Sullivan made no effort to further amend his complaint, even though he was on notice of the alleged deficiencies in the amended complaint. In addition, Sullivan has not asserted what additional facts he could plead to correct the deficiencies. Thus, the district court was within its discretion in dismissing the case with prejudice without granting leave to amend.[38]

*     *     *

Therefore, for the reasons discussed above, we AFFIRM the district court's judgment.

---

[38] *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 404 (5th Cir. 2004) (concluding that the district court did not abuse its discretion in denying leave to amend when it had given plaintiff one opportunity to amend and plaintiff had failed to show what additional facts he could plead to satisfy the fraud pleading requirements); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion when plaintiff did not offer a second amended complaint to the district court and did not suggest what additional facts would cure the pleading deficiency).