## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2011

No. 10-60877
Summary Calendar

Lyle W. Cayce
Clerk

KLLM TRANSPORT SERVICES, LIMITED LIABILITY COMPANY,

Plaintiff

v.

MARSH USA, INCORPORATED, ET AL,

Defendants

KLLM TRANSPORT SERVICES, LIMITED LIABILITY COMPANY,

Plaintiff–Appellant

v.

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; C.V. STARR & COMPANY,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC Nos. 3:09-CV-93; 3:09-CV-94

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60877

Plaintiff–Appellant KLLM Transport Services, LLC ("KLLM"), brought suit against Defendants–Appellees C.V. Starr & Company and the Insurance Company of the State of Pennsylvania (collectively, "Insurer Defendants"), alleging a breach of an insurance policy (the "Policy") that it had purchased from the Insurer Defendants. The district court dismissed KLLM's complaint for failure to state a claim after determining that the contract's terms were unambiguous and that the Insurer Defendants had not breached any of its terms. We affirm.

## I. BACKGROUND

KLLM, a commercial trucking company, acquired the Policy from the Insurer Defendants for a three-year period beginning January 1, 2000 and ending January 1, 2003 (the "Policy Period"). The Policy provided commercial umbrella coverage beyond the insurance KLLM had otherwise purchased. On December 31, 1999, the Insurer Defendants sent a "binder" to KLLM's insurance broker. This binder stated the Policy Period, the premium rate, and that "[t]his Binder may be canceled at any time by the Insured or the undersigned giving the other notice in writing."

In March 2000, KLLM received the Policy. It contained an endorsement titled "Mississippi Amendatory Endorsement" (the "Cancellation Provision") which stated that:

> This policy may be cancelled by the Insured by mailing to the Insurer written notice stating when such cancellation shall be effective.

> This policy may be cancelled or nonrenewed by the Insurer by mailing or delivering a notice of cancellation or nonrenewal to the named Insured at least thirty (30) days prior to the effective date of cancellation or nonrenewal.

After twenty-two months, on October 30, 2001, the Insurer Defendants notified KLLM that, pursuant to the Policy's cancellation provision, they were cancelling

2

No. 10-60877

the policy effective January 1, 2002. Thus, the Insurer Defendants provided KLLM with sixty days notice of cancellation.

KLLM alleged that this cancellation amounted to: breach of contract, tortious breach of contract, and breach of the duty of good faith and fair dealing. In addition, KLLM alleged that the Insurer Defendants made oral representations amounting to a promise for a guaranteed three-year, level-rate agreement. KLLM alleged that it relied on these representations to its detriment and were injured when the Insurer Defendants cancelled the Policy before the end of the Policy Period. Accordingly, KLLM alleged a claim of fraud and intentional misrepresentation.

The district court dismissed KLLM's claims with prejudice[1] after determining that:

> (1) the [Policy] was subject to a cancellation provision . . . ; (2) the Cancellation Provision could be exercised by either Plaintiff or the Insurer Defendants at anytime for any reason and, was not restrictive in scope; (3) the Policy was unambiguous and did not contain a three year "guaranteed" level premium as alleged in the Complaint; and (4) any alleged promise that the Policy was "guaranteed" for a three year period could not be relied on by the Plaintiff, since this alleged promise contradicted the Cancellation Provision.

KLLM now appeals these determinations by the district court.

---

[1] KLLM asserts that due to the complex procedural history of these consolidated cases, which were both transferred to a multi-district litigation in New Jersey for several years and then returned to the Southern District of Mississippi, the Insurer Defendants' motion to dismiss was no longer pending when the district court called for a hearing to dispose of it. Regardless, the district court gave counsel nine days advance notice prior to the hearing to prepare, which we determine was sufficient notice for a *sua sponte* dismissal with prejudice. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) ("[A] district court may dismiss a complaint on its own for failure to state a claim," "as long as the procedure employed is fair," and such fairness requires "both notice of the court's intention and an opportunity to respond.") (internal quotation marks and citations omitted).

No. 10-60877

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

We review *de novo* a district court's decision to dismiss a claim pursuant to Rule 12(b)(6).  *Herrman Holdings Ltd.  v.  Lucent Tech., Inc.*, 302 F.3d 552, 557 (5th Cir. 2002).  In doing so, we liberally construe the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

When reviewing a motion to dismiss under Rule 12(b)(6) we generally limit our inquiry to the content of the pleadings, but where, as here, the complaint incorporates a contract by reference, we may consider it as well.  *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

The district court exercised diversity jurisdiction under 28 U.S.C. § 1332(a).  Accordingly, we apply the substantive law of the forum state, Mississippi.  *Wiley v.  State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009).  Under Mississippi law, courts enforce insurance policies according to their provisions.  *Noxubee Cnty. Sch. Dist. v. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1166 (Miss. 2004).  We have recognized that under Mississippi law, contract interpretation consists of

> a three-tiered approach . . . that begins with the text and applies the familiar four corners test, which focuses exclusively on an objective reading of the words employed in the contract to the exclusion of parol or extrinsic evidence. Only if the contract is unclear or ambiguous is a court authorized to resort to canons of interpretation and parol evidence.

*Wiley*, 585 F.3d at 211 (internal quotation marks and citations omitted).

Under Mississippi law, fraud and intentional misrepresentation are shown by satisfying nine elements:

> (1) a representation (2) that is false (3) and material (4) that the speaker knew was false or was ignorant of the truth (5) combined with the speaker's intent that the listener act on the representation

No. 10-60877

in a manner reasonably contemplated (6) combined with the listener's ignorance of the statement's falsity (7) and the listener's reliance on the statement as true (8) with a right to rely on the statement, and (9) the listener's proximate injury as a consequence.

*Moore v. Bailey*, 46 So. 3d 375, 384 (Miss. App. 2010).

## III.  DISCUSSION

## A.    Breach of Contract

KLLM argues that the Policy Period established a fixed-premium contract with a similarly fixed three-year term, and that the fixed term is inconsistent with the Cancellation Provision.  Therefore, it argues, the Policy is ambiguous, possibly illusory, and should be construed against the Insurer Defendants who drafted the Policy.  On this interpretation of the Policy, the Insurer Defendants' cancellation constituted a breach.  KLLM, however, cites no authority to support this argument.  In response, the Insurer Defendants argue that the Cancellation Provision and the Policy Period are consistent: the contract establishes a fixed-rate premium for a three-year period, or until either party cancels the Policy. Moreover, they argue, policy periods and cancellation provisions are frequently part of insurance contracts, and so long as the cancellation provision complies with state law and public policy, it should be enforced.  In support of their interpretation of the Policy, the Insurer Defendants point to a Mississippi statute which states: "A cancellation . . . of liability insurance coverage . . . is not effective . . . unless notice is mailed or delivered to the insured . . . not less than thirty (30) days prior to the effective date of such cancellation."  Miss. Code Ann. § 83-5-28 (West 2006).

We agree with the Insurer Defendants that there is nothing in the Policy indicating a guaranteed three-year term.  And, "read[ing] the contract as a whole, so as to give effect to all of its clauses," *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 111 (Miss. 2005), the Policy Period together with the Cancellation Provision unambiguously means that the premium rate is set

for the duration of the Policy Period, unless the Policy is cancelled by either party prior to the end of the Policy Period.  This unambiguous meaning is confirmed by the Mississippi Code's acknowledgment of cancellation provisions in insurance contracts.  The Insurer Defendants gave KLLM sixty days notice—more than the thirty days required by the Policy—prior to cancelling the Policy.  Accordingly, the Insurer Defendants did not breach the contract and did not breach their duty of good faith and fair dealing.  *See Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*, 32 F. Supp. 2d 894, 898 (S.D. Miss. 1998) ("A party which acts in accordance with the express terms of a contract generally cannot be found to have violated the covenant of good faith and fair dealing.").

## B.    Fraud and Intentional Misrepresentation

KLLM maintains that it still pleaded a viable claim of fraud and intentional misrepresentation even if the Insurer Defendants did not breach the Policy.  KLLM alleged that "[w]hen KLLM purchased the Policy from Insurer Defendants, they promised and represented to KLLM that the premium rate would remain unchanged for three years."  In response, the Insurer Defendants argue that as a matter of law, KLLM could not have reasonably relied on that oral promise because it is contrary to the Policy's unambiguous language.  *See Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 440 (5th Cir. 2007) ("[I]nsured's reliance on [insurance agent's] statements was objectively unreasonable in light of the policy language clearly [to the contrary.]").  The Insurer Defendants also urge us to affirm on an alternative ground not discussed by the district court: KLLM failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).  *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010) ("State law fraud claims are subject to the heightened pleading requirements of Rule 9(b).").

We may affirm the district court's dismissal order on different grounds than those mentioned by the district court.  *Gulf Guar. Life Ins. Co. v. Conn.*

No. 10-60877

*Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). We do so here, because KLLM did not sufficiently plead fraud. "To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan*, 600 F.3d at 551 (citation and internal quotation marks omitted). While it is true that KLLM alleged that "they [the Insurer Defendants] promised and represented to KLLM that the premium rate would remain unchanged for three years," by not specifying "who at the company made the statements," they inadequately pleaded fraud under Rule 9(b). *See Sullivan*, 600 F.3d at 551. Accordingly, the district court did not err by dismissing KLLM's fraud claim.

## IV.  CONCLUSION

For the foregoing reasons, the district court's order is AFFIRMED.