# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2011

No. 11-50033
Summary Calendar

Lyle W. Cayce
Clerk

JOSE ANGEL DOMINGUEZ-GONZALEZ,

Plaintiff-Appellant

v.

HILLARY RODHAM CLINTON, United States Secretary of State,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-473

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jose Angel Dominguez-Gonzales appeals the district court's order dismissing his case for failure to state a claim upon which relief can be granted.  Finding no error, we affirm the district court's judgment.

**I.**

Appellant is a resident of Nuevo Laredo, Mexico, and was born in Mexico on October 9, 1962, to an alien mother.  Appellant applied for a United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50033

passport. Appellant's passport petition was denied by the State Department, by letter dated April 24, 2006, on the ground that Appellant is not a United States citizen.

On June 4, 2010, Appellant brought this action seeking a declaration that he is a United States citizen. Appellant's complaint alleges that his father, Jose Angel Dominguez, is a United States citizen whose citizenship was deemed relinquished in 1956 on the basis of his one-year employment with the municipal government of Torreon, Mexico. By letter dated November 23, 2003, the State Department reinstated Appellant's father's citizenship. Appellant thus asserts derivative citizenship via his father's citizenship.

## II.

We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In reviewing the dismissal order, we take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Factual allegations of the complaint must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.

We begin by examining the derivative citizenship provisions of the Immigration and Nationality Act ("INA"). The parties agree that the law in effect at the time of Appellant's birth governs our analysis. *See United States v. Cervantes-Nava*, 281 F.3d 501, 503 (5th Cir. 2002). The law at the time of Appellant's birth provided that a child born outside of the United States to an alien parent and a United States citizen parent is a United States citizen if his citizen parent was physically present in the United States for a period of

2

No. 11-50033

at least ten years prior to the child's birth, at least five of which were after the citizen parent's fourteenth birthday.  8 U.S.C. § 1401(a)(7) (1952).

Appellant concedes that his father did not satisfy the parental residency requirement of the INA.  Appellant therefore cannot acquire derivative citizenship according to the plain language of the statute. However, Appellant argues that the Government should be equitably estopped from denying his citizenship because it rescinded his father's citizenship without his voluntary relinquishment thereof, and such measures were ruled unconstitutional in *Afroyim v. Rusk*, 387 U.S. 253 (1967).

Equitable relief is generally not available with respect to the conferral of citizenship.  "[T]he power to make someone a citizen of the United States has not been conferred upon the federal courts, like mandamus or injunction, as one of their generally applicable equitable powers."  *I.N.S. v. Pangilinan*, 486 U.S. 875, 883-84 (1988).

> "An alien who seeks political rights as a member of this Nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare."

*Id.* at 884 (quoting *United States v. Ginsberg*, 243 U.S. 472, 474 (1917)). "Naturalization is available only as provided by Acts of Congress and, even then, only in strict compliance with the terms of such acts."  *Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394 (5th Cir. 2006) (internal quotation marks and citations omitted).  "[C]ourts cannot employ equitable remedies to confer citizenship where the statutory requirements for citizenship are unsatisfied . . . ."  *Mustanich v. Mukasey*, 518 F.3d 1084, 1089 (9th Cir. 2008). "[T]he alleged wrongfulness of the Government's conduct does not create an exception to the rule."  *Id.*  A plaintiff "has the burden of proving that he qualifies for naturalization, and he must do so in the face of the Supreme

No. 11-50033

Court's mandate that we resolve all doubts in favor of the United States and against those seeking citizenship." *Bustamante-Barrera*, 447 F.3d at 394-95 (internal quotation marks and citation omitted).

Appellant acknowledges this bar to his claim for equitable relief, but insists that equitable estoppel should nevertheless remain available to him because the Government's revocation of his father's citizenship was an unconstitutional error.  Appellant's argument fails for a number of reasons.

First, that the Government's alleged error is unconstitutional does not empower the courts to confer citizenship on someone purportedly wronged thereby.  For instance, in *Cervantes-Nava*, we rejected a defendant's challenge to his conviction for illegal reentry into the United States on the ground that the residency requirements of the INA are unconstitutional.  We concluded that, even "assum[ing], *arguendo*, the unconstitutionality of the derivative citizenship statutes[,] . . . [b]ecause the Constitution does not grant Cervantes-Nava citizenship, [striking down the statute as unconstitutional] still would leave him without any putative source of citizenship and would not affect his status as an alien."  281 F.3d at 504, 506.

Additionally, Appellant's chain of reasoning for the relief he seeks, a declaration of citizenship, is as follows: because his father's citizenship was unconstitutionally rescinded, his father was unable to satisfy the residency requirement as returning to the United States would have been unlawful, and therefore, Appellant was wrongfully prevented by the Government from obtaining derivative citizenship because of its unconstitutional actions against his father.  Appellant therefore seeks to challenge the Government's actions taken against his father by way of third-party standing.

The presumption against third-party standing is a prudential limitation which generally precludes federal courts from resolving controversies regarding the rights of third persons not parties to the litigation.  *Nat'l Fed'n*

4

No. 11-50033

*of the Blind, Inc. v. Abbott*, 647 F.3d 202 (5th Cir. 2011).  There are three factors to be considered when determining whether an assertion of third-party standing is valid:

> (1) the litigant must have suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; (2) the litigant must have a close relation to the third party; and, (3) there must exist some hindrance to the third party's ability to protect his or her own interests.

*Peterson v. Cain*, 302 F.3d 508, 512 (5th Cir. 2002) (internal quotation marks and citation omitted).  Although the Appellant is a close relative of his father, and has arguably been harmed by the denial of derivative citizenship, third-party standing is not permitted because there is no indication from the complaint that his father, while living, was hindered in the ability to protect his own citizenship interests.  *See Terrell v. I.N.S.*, 157 F.3d 806, 809 (10th Cir. 1998) (rejecting third-party standing of daughter challenging the constitutionality of the INA's provisions governing citizenship of out of wedlock children as biased against fathers because "no hindrance to [her father's] participation has been demonstrated.").

Furthermore, even assuming that equitable relief is available in this case, and even assuming that Appellant's assertion of third-party standing is valid, the allegations of the complaint are insufficient to support a claim of equitable estoppel.  "[T]o state a cause of action for estoppel against the government, a private party must allege more than mere negligence, delay, inaction, or failure to follow an internal agency guideline." *Fano v. O'Neill*, 806 F.2d 1262, 1265 (5th Cir. 1987).  Some "affirmative misconduct" must be established.  *Id.* at 1266.  "Valid assertions of equitable estoppel against the Government are rare indeed." *Moosa v. I.N.S.*, 171 F.3d 994, 1003 (5th Cir. 1999).

No. 11-50033

Appellant's purported claim to derivative citizenship relies on his assertion that, but for the revocation of his father's citizenship in 1956, his father would have returned to the United States to complete a total of five years' residence after his father's fourteenth birthday and prior to Appellant's birth in 1962. As there is no reference in the complaint that his father ever attempted to restore his citizenship prior to 2003, or ever attempted to return to the United States, Appellant's argument would require speculation beyond the four corners of the complaint.[1]

Moreover, there is no allegation of governmental impropriety sufficient to amount to affirmative misconduct, which is an exceedingly high standard to meet. There is no suggestion that the Government's policies were implemented in bad faith, or with the purpose of depriving Appellant's father of a citizenship interest which Government officials knew or should have known at the time he was entitled to. Accordingly, the allegations of the complaint amount to a mere negligent error, which Appellant's father made no apparent effort prior to Appellant's birth to rectify or challenge.

All doubts with respect to citizenship are to be resolved in favor of the United States. Accordingly, it is clear that, as a matter of law, Appellant's complaint fails to state a claim upon which relief can be granted.

**IV.**

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[1] Although Appellant requested in his reply brief an opportunity to amend his complaint so as to ameliorate any deficiencies therein, he did not challenge the district court's denial of his motion for leave to amend the complaint in his initial brief. Accordingly, the argument is waived. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("This court will not consider a claim raised for the first time in a reply brief.").