# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-50706

Lyle W. Cayce
Clerk

ERNEST B. REYNA, JR.,

Plaintiff - Appellant

v.

MICHAEL B. DONLEY, Secretary, Department of the Air Force, or his substitution; JOHN C. FOBIAN, General, Retired,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
5:10-cv-00919

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Ernest Reyna appeals the district court's dismissal of Appellee General John Fobian and its grant of summary judgment on Reyna's claims against Appellee Secretary Michael Donley of age and national origin discrimination, retaliation, and wrongful termination. We affirm for the following reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50706

## I.

Reyna was employed by the United States Air Force Reserve at Lackland Air Force Base in San Antonio as a "dual status" Air Force Reserve Technician (ART) and a civilian structural repair technician with the 433rd Airlift Wing Maintenance Squadron. Reyna was subject to a Collective Bargaining Agreement (CBA) in conjunction with his employment as a structural repair technician.

On August 25, 2008, Squadron Commander General Fobian issued a memorandum requiring all ART employees to wear military uniforms while in civilian status. Reyna refused to wear his uniform, believing the order to be in violation of the CBA. Reyna was reprimanded and eventually suspended without pay for five days for "deliberate defiance of authority and refusal to comply with established regulatory requirements." After learning that a younger co-worker was suspended without pay for five days but lost only three days of pay because his suspension took place over a weekend, Reyna filed an age discrimination complaint with the Equal Employment Opportunity Commission (EEOC).

Reyna was suspended a second time after an inappropriate email sent from his government email account was forwarded to his co-workers. Reyna was suspended without pay for 10 days for misuse of government property and "a total disregard for Air Force directives and appropriate standards of control." Two of Reyna's co-workers also forwarded the inappropriate email and were verbally reprimanded but not suspended. Because of the difference in punishments, Reyna filed a second EEOC complaint, alleging age and national origin discrimination, and retaliation for engaging in protected EEOC activity.

Reyna filed suit with the United States District Court against General Fobian and Secretary Donley, alleging age and national origin discrimination, retaliation, and wrongful termination. Fobian filed a motion to dismiss pursuant to Rule 12(b)(6) or, alternatively, a motion for summary judgment. The district

2

No. 11-50706

court granted Fobian's motion to dismiss on the grounds that an individual federal employee cannot be sued for employment discrimination under the Age Discrimination in Employment Act (ADEA). In a separate order, the district court granted summary judgment in favor of the Secretary.

## II.

We review both a district court's dismissal under Rule 12(b)(6) and its grant of summary judgment de novo. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010); *Offshore Drilling Co. v. Gulf Copper & Mfg. Corp.*, 604 F.3d 221, 225 (5th Cir. 2010) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

We find no error with the district court's holdings. General Fobian was properly dismissed because he was not the appropriate defendant. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988); *see also* 42 U.S.C. § 2000e-16(c). With respect to Reyna's claim stemming from his five day suspension, summary judgment was appropriate because Reyna failed to initiate EEO counseling within 45 days of the alleged age discrimination stemming from his 5 day suspension. *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); 29 C.F.R. § 1614.105; *see also Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) (rejecting defendant's argument that the time limitation did not begin to run until an employee discovered the disparate treatment of a co-worker).

With respect to Reyna's claim stemming from his 10 day suspension, summary judgment was appropriate because Reyna failed to establish a prima facie case of either discrimination or retaliation. Reyna asserts that his 10 day suspension was the result of age and national origin discrimination because he

was treated less favorably than similarly situated employees. Reyna argues that Dennis Carper and Chun Alsip, civilian employees, received more favorable treatment for forwarding the same email when they were reprimanded but not suspended. To establish his disparate treatment claim, Reyna must show, among other things, that "others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (quotations omitted). An employee must proffer a comparator who was treated more favorably "under nearly identical circumstances," which is satisfied when "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Reyna proffers co-workers Carper and Alsip as comparators, who did not share the same job, responsibilities, or supervisor as Reyna. The circumstances of how the email was forwarded differed, and Reyna had a history of misconduct that affected the severity of his punishment.

Reyna failed to establish a prima facie case of retaliation based on his 10 day suspension. Reyna did not establish that the alleged adverse employment action—his suspension—would not have occurred but for the protected activity of filing a charge of discrimination with the EEOC. *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001). As noted by the district court, Reyna made no attempt to establish a causal link between his protected activity and his 10 day suspension. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998) (finding no prima facie case where plaintiff failed to demonstrate "a conflict in substantial evidence on the ultimate issue of retaliation").

Finally, Reyna forfeited his challenge to the district court's finding that he failed to exhaust his administrative remedies on his wrongful termination claim because he failed to first file a charge with the EEOC. *See* 29 U.S.C. § 626(d).

No. 11-50706

AFFIRMED.