# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20167
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2014

Lyle W. Cayce
Clerk

JOSEPH CHHIM,

Plaintiff-Appellant

v.

ALDINE INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2623

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joseph Chhim, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his amended complaint, through which he sought relief under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race, color, and national origin. Chhim, an Asian male originally from Cambodia, alleged that he was dismissed from his work as a substitute custodian with the Aldine Independent School District (Aldine)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after he advised a supervisor that he did not know how to operate a weed eater and that other substitute custodians outside his protected class were treated more favorably than he was treated. Chhim also complained about Aldine's opposition to his receipt of unemployment benefits through the Texas Workforce Commission, and he made a hostile work environment claim.

The district court dismissed the amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the court denied Chhim's request for IFP status on appeal. By moving to proceed IFP on appeal, Chhim challenges the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We review de novo a dismissal under Rule 12(b)(6). *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Chhim first complains that his due process rights were violated when the district court dismissed his case with prejudice without allowing any discovery regarding his factual allegations. This argument is without merit in light of the scope and purpose of Rule 12(b)(6). *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).

Chhim failed to state a claim for disparate treatment under Title VII. His complaint and amended complaint did not allege any facts, direct or circumstantial, that would suggest Aldine's actions were based on Chhim's race, color, or national origin or that Aldine treated similarly situated

employees of other races or national origin more favorably. *See Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004). Instead, for the first time on appeal, he alleges specifically that two other substitute custodians—a Hispanic female and a black male—were assigned to "inside only" work to support his claim that he was subjected to disparate treatment. This court generally does not review arguments raised for the first time on appeal. *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010).

Similarly, Chhim failed to state a claim that Aldine's alleged discrimination against him created a hostile work environment, as he did not allege any facts linking alleged harassment with his race or national origin. *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). Accordingly, because Chhim "failed to raise [his] right to relief above the speculative level," the district court did not err in dismissing his amended complaint under Rule 12(b)(6). *Bass*, 669 F.3d at 506.

For the first time on appeal, Chhim makes an age discrimination claim, but it is too late to raise this claim now. *See Celanese*, 620 F.3d at 531.

Chhim's appeal lacks arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motion for the appointment of counsel also is denied.

MOTIONS DENIED; APPEAL DISMISSED.