Carolyn DAWSON, Plaintiff–Appellant

v.

BANK OF AMERICA, N.A., Defendant–Appellee.

No. 14–20560
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 13, 2015.

---

18.   ROA.

19.   Blue Br. 12.

20.   *Moffett v. Bryant,* 751 F.3d 323, 326 (5th Cir.2014) (quoting *Bryant v. Military Dep't,* 597 F.3d 678, 687 (5th Cir.2010)).

Carolyn Dawson, Missouri City, TX, pro se.

Phoebe Norton Coddington, Winston & Strawn, L.L.P., Elizabeth Timkovich, Charlotte, NC, Kathryn Buza Davis, Winston & Strawn, L.L.P., Houston, TX, for Defendant–Appellee,

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM: *

After falling behind on her mortgage payments, Carolyn R. Dawson entered into a loan-modification agreement with her loan servicer, Bank of America, N.A. (the Bank). Later, Dawson sued the Bank, alleging, among other things, that it had harmed her by failing to record the modification agreement and by failing to report her payment history to credit bureaus. The district court dismissed Dawson's complaint for failure to state a claim on which relief may be granted. *See* Fed. R.Civ.P. 12(b)(6). Agreeing that Dawson's complaint is inadequate, we AFFIRM.

I.

"We review de novo a district court's dismissal under Rule 12(b)(6)." *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir.2010). "To survive a motion to

---

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). It is insufficient for a complaint to offer only "labels," "conclusions," or "a formulaic recitation of a cause of action's elements." *Id.* (internal quotation marks omitted). Instead, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir.2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.").

## II.

Dawson's *pro se* complaint is, in the district court's words, "confusing." As Dawson points out, however, we must construe it liberally. *See, e.g., United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994). Doing so, we understand it to assert claims against the Bank based on (1) breach of contract; (2) violation of the Texas Deceptive Trade Practices Act (DTPA); (3) fraud; (4) violation of the Fair Credit Reporting Act (FCRA); and (5) violation of the Texas Property Code.

Considering each claim in turn, we conclude that none is supported by sufficient factual allegations to raise Dawson's right to relief "above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, the district court properly dismissed Dawson's complaint.

## A.

■ Dawson's complaint does not adequately allege that the Bank is liable to her for breach of contract. "In Texas, the essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica Inc.,* 564 F.3d 386, 418 (5th Cir.2009). Dawson's complaint alleges no facts tending to show that she performed under the allegedly breached contract—the modification agreement. Furthermore, the complaint does not allege what damages Dawson sustained as a result of the alleged breach of the modification agreement. Thus, Dawson has not pled "enough factual matter" to give rise to a reasonable inference that *"each element"* of her breach-of-contract claim is satisfied, *Lormand,* 565 F.3d at 257 (emphasis added), and the district court correctly dismissed the claim.

## B.

■ The district court dismissed Dawson's DTPA claim because Dawson has not plausibly alleged that she is a "consumer" under the DTPA. We agree.

" '[C]onsumer status is an essential element of a DTPA cause of action.'" *Miller v. BAC Home Loans Servicing, L.P.,* 726 F.3d 717, 724 (5th Cir.2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.,* 932 S.W.2d 605, 608 (Tex.App.1996)). "A mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Id.* at 725. Although Dawson is a mortgagor, her DTPA claim is based not on the original loan but on the modification agreement. Texas law is clear that

a loan modification like Dawson's "is not sought for the acquisition of a good or service, but rather to finance an existing loan on previously acquired property." *Id.; see also Ayers v. Aurora Loan Servs., LLC,* 787 F.Supp.2d 451, 455 (E.D.Tex. 2011); *Fix v. Flagstar Bank, FSB,* 242 S.W.3d 147, 160 (Tex.App.2007). Thus, Dawson is not a "consumer" for the purposes of the DTPA, and she states no plausible claim to relief under that statute.

## C.

■ The district court properly dismissed Dawson's fraud claim because her allegations of fraud do not pass muster under Federal Rule of Civil Procedure 9(b). "State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)." *Sullivan,* 600 F.3d at 550–51. That Rule requires the plaintiff to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). To satisfy Rule 9(b), "the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan,* 600 F.3d at 551 (internal quotation marks omitted). Put simply, the plaintiff must set out "the who, what, when, where, and how" of the fraud. *Benchmark Elecs. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir.2003) (internal quotation marks omitted).

Although Dawson's complaint emphasizes the purportedly "malic[ious]," "unconscionable," and "predatory" nature of the Bank's conduct, it is bereft of the "who, what, when, where, and how" details required to satisfy Rule 9(b). Accordingly, the district court properly dismissed Dawson's fraud claim.

## D.

■ The district court dismissed Dawson's FCRA claim because Dawson did not plausibly allege that the Bank is a "consumer reporting agency" under that statute. This was correct.

The FCRA imposes certain duties on "consumer reporting agenc[ies]." *See* 15 U.S.C. § 1681e. A "consumer reporting agency" is defined, *inter alia,* as "any person which ... assembl[es] or evaluat[es] consumer credit information ... for the purpose of furnishing consumer reports to third parties." *Id.* § 1681a(f). The term "consumer report," in turn, is defined *not* to include "any report containing information solely as to transactions or experiences between the consumer and the person making the report." *Id.* § 1681a(d)(2)(A)(i). We have recognized that, under this " 'transactions and experiences' exception," "a bank's report of its own experience with its customers would not constitute a consumer report." *Hodge v. Texaco, Inc.,* 975 F.2d 1093, 1096 (5th Cir.1992); *see also Borninski v. Williamson,* Civil Action No. 3:02–CV–1014–L, 2004 WL 433746, at *2, 2004 U.S. Dist. LEXIS 29407, at *8 (N.D.Tex. Mar. 1, 2004) ("[W]here a financial institution furnishes information based solely on its own experience with the consumer, the information is not a consumer report, and the financial institution is not under those circumstances a consumer reporting agency.").

The Bank is a financial institution that, Dawson alleges, should have provided information—specifically, her payment history—to credit bureaus based on its experiences with her. Thus, because of the "transactions and experiences" exception, Dawson has not plausibly alleged that the Bank is a "consumer reporting agency" under the FCRA, and the district court correctly dismissed her FCRA claim.

## E.

Finally, the district court correctly dismissed Dawson's claim that the Bank vio-

lated the Texas Property Code. The complaint's only mention of the Property Code is an allegation that "Plaintiff does state a Cognizable Claim for Violation of the Texas Property Code; § 12.001[sic]." This is a bare "legal conclusion," unadorned by any factual allegations. *See Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, the complaint does not "state a claim to relief" under the Texas Property Code "that is plausible on its face." *Id.*

### III.

For these reasons, the district court's dismissal of Dawson's complaint is

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.