# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2013

No. 12-40742
Summary Calendar

Lyle W. Cayce
Clerk

LAWRENCE M. MILTON,

> Plaintiff – Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of GSRPM 2004-1, Mortgage Pass-Through Certificates; OCWEN LOAN SERVICING, L.L.C.,

> Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Texas
Case No. 4:10-CV-538

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lawrence Milton appeals the district court's summary judgment in favor of U.S. Bank National Association ("U.S. Bank") and Ocwen Loan Servicing, L.L.C. ("Ocwen"). For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40742

## BACKGROUND

Lawrence Milton purchased property located at 7712 Saragosa Creek Road in Plano, Texas (the "Property"), with a loan memorialized by a purchase money note in the amount of $295,000 (the "Note"), which was secured by a deed of trust on the Property (the "Deed of Trust"). U.S. Bank is the current holder of the Note and Deed of Trust, and Ocwen is the mortgage servicer for U.S. Bank.

It is undisputed that, in July 2009, Milton defaulted on his payment obligations and Ocwen correspondingly sent Milton a Notice of Default, Notice of Acceleration of Loan Maturity, and Notice of Foreclosure Sale. That fall, Milton applied for a loan modification through the Home Affordable Modification Program ("HAMP"). Milton alleges that, on October 2, 2009, Ocwen orally represented that his home would not be foreclosed upon while his HAMP application was pending, and that processing would likely take from 60 to 90 days. By letter dated October 13, 2009—a letter Milton alleges he never received—Ocwen reported that Milton was not eligible for a HAMP loan modification because the subject loan "failed the net present value or NPV test as established by the government rules." Ocwen separately mailed Milton a notice informing him that a non-judicial foreclosure sale had been scheduled for November 3, 2009. Milton alleges that, in response to that letter, he called Ocwen to confirm that foreclosure would not proceed until his HAMP application was processed. According to Milton, an Ocwen representative orally confirmed that the Property would not be foreclosed upon while his application was pending.

On November 3, 2009, the Property was sold at a foreclosure sale. Three days later, Milton received a handwritten notice from Ocwen informing him of the foreclosure. Milton alleges that over the next few days, he contacted Ocwen on numerous occasions and was given conflicting information. According to

Milton, some representatives informed him that his HAMP application remained pending; others informed him that it had been denied. Some told him that the foreclosure sale had been stopped; others told him that the Property had been sold and the sale was final.

On November 23, 2009, Milton filed this wrongful foreclosure action in Texas state court, and defendants timely removed to federal district court for the Eastern District of Texas on diversity grounds. The Second Amended Complaint, the operative pleading, asserts claims for breach of contract, promissory estoppel, fraud, negligence, gross negligence, negligent misrepresentation, and unreasonable collection efforts. The district court granted defendants' joint motion for summary judgment, entered final judgment in favor of the defendants on all counts, and dismissed the case with prejudice. Milton timely appealed.

## STANDARD OF REVIEW

We review a district court's summary judgment *de novo,* applying the same standard as the district court. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Summary judgment is warranted if, viewing all evidence in the light most favorable to the non-moving party, the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* (citing FED. R. CIV. P. 56(a)). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Plaintiff's breach of contract claim is premised on Ocwen's alleged oral agreement to delay foreclosure until Milton's HAMP application had been processed. An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable. *See* TEX. BUS. & COM. CODE §

No. 12-40742

26.02(a), (b); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:0-CV-370, 2010 WL 1026968, at *4–*5 (E.D. Tex. Feb. 16, 2010) (applying Texas law); *Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006) (applying Texas law); *Krudop v. Bridge City State Bank*, No. 09-05-111 CV, 2006 WL 3627078, at *4 (Tex. App.–Beaumont Dec. 14, 2006, pet. denied). The district court held, and we agree, that because there was no written agreement to delay foreclosure, plaintiff's breach of contract claim is barred by the statute of frauds. *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 556 (Tex. App.–Dallas, 2009, pet. dism'd w.o.j.).

The district court did not address plaintiff's remaining claims for promissory estoppel, fraud, negligence, gross negligence, negligent misrepresentation, and unreasonable collection efforts on the basis that they were inadequately briefed. We take no position on the adequacy of the briefing below, and hold, for the following reasons, that judgment as a matter of law was properly entered for the defendants.

Plaintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that Ocwen promised to reduce its alleged oral misrepresentations into writing. *See Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 164, 168 (Tex. App.–Austin 1996, no writ) (holding that summary judgment with respect to an estoppel claim is proper when no evidence exists to establish an oral agreement to reduce an otherwise unenforceable promise to writing, in satisfaction of the statute of frauds); *see also Deuley*, 2006 WL 1155230, at *2 (dismissing estoppel claim predicated on mortgage servicer's representation that it would accommodate plaintiffs' request for loan assistance, on the basis that the mortgage servicer never orally agreed to reduce that promise to writing).

Plaintiff's negligent misrepresentation claim fails because, "under Texas law, promises of future action are not actionable as a

negligent-misrepresentation tort." *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012) (citing *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.–Amarillo 2007, no pet.)); *see also Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10cv89, 2012 WL 844396, at \*6 (E.D. Tex. Mar. 12, 2012) (holding that plaintiff did not state a viable claim for negligent representation because the alleged misrepresentation—the mortgage servicer would not foreclose on the property while plaintiff's loan modification application was pending—was a promise of future conduct). *But see Burnette*, 2010 WL 1026968, at \*7 (holding that plaintiff stated a viable claim for negligent misrepresentation in alleging that a mortgage servicer misrepresented that a "foreclosure sale would not occur while Defendants reviewed [plaintiff's loan modification application]").[1]

Plaintiff's negligence and gross negligence claims fail because, under Texas law, there is "no special relationship between a mortgagor and mortgagee" that would give rise to a stand-alone duty of good faith and fair dealing. *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.–Corpus Christi, 2005, pet. denied); *see also Burnette*, 2010 WL 1026968, at \*8 (dismissing plaintiff's gross negligence claim on that basis).

Finally, plaintiff's fraud and unreasonable collection efforts claims are not supported by evidence sufficient to survive summary judgment. The summary judgment record is devoid of any evidence, apart from Milton's unsupported speculation, that the purported misrepresentations were made knowingly or with reckless disregard for their falsity, *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001), or were "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm," *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.–Dallas, 2008, no pet.). Moreover, his reliance on oral

---

[1] To the extent that *Burnette* is inconsistent with this settled principle of Texas law, we decline to follow it.

representations by customer service representatives that were contradicted by the terms of the loan agreement and the notice of foreclosure was not reasonable as a matter of law. *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 795 (Tex. App.–Houston [14th Dist.], 2007, pet. denied).  Viewed in the light most favorable to Milton, no reasonable jury could conclude on the basis of the evidence before it that the defendants' actions were fraudulent and their collection efforts were unreasonable. *See Edwards*, 2012 WL 844396, at \*6–\*7 .

For the foregoing reasons, U.S. Bank and Ocwen are entitled to judgment as a matter of law.  AFFIRMED.