# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2013

No. 12-10861
Summary Calendar

Lyle W. Cayce
Clerk

TOMMY JAMES; SHERRY AIRHART,

Plaintiffs - Appellants

v.

WELLS FARGO BANK,  N. A.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-042-C

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellants Tommy James and Sherry Airhart bring this suit against Defendant-Appellee Wells Fargo Bank, N.A. ("Wells Fargo") alleging various causes of action arising from events leading up to and including the foreclosure of their home.  The district court granted Wells Fargo's motion to dismiss, and we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10861

## FACTS AND PROCEEDINGS

Sherry Airhart obtained a mortgage loan to purchase a home in Lubbock, Texas (the "Property"). During the relevant time period, the loan was owned by Federal Home Loan Mortgage Corporation ("Freddie Mac") and serviced by Wells Fargo. In September 2009, having fallen into default on her payment obligations, Airhart and her husband, Tommy James, sought to modify the loan under the Home Affordable Modification Program ("HAMP"). While their application was pending, Wells Fargo advised plaintiffs that they would be accepted into the program; that they could make lower payments over the next four months; and that no foreclosure proceedings would occur while the application process was underway. In February 2010, Wells Fargo informed plaintiffs that their HAMP loan modification application had been denied, and refunded the four payments plaintiffs made while the application was pending. Four months later, the Property was purchased at a foreclosure sale by Freddie Mac.

After months of negotiations, plaintiffs, Wells Fargo, and Freddie Mac entered into a written rescission and reinstatement agreement (the "Rescission Agreement"), whereby the parties agreed to return to the status quo existing immediately prior to the foreclosure sale. Specifically, in exchange for plaintiffs' promise to pay the amounts past due under the loan, Wells Fargo and Freddie Mac agreed to rescind the foreclosure sale, convey the Property to plaintiffs, and reinstate the loan. During the foregoing course of events, plaintiffs never lost possession of the Property.

Despite entering into the Rescission Agreement, plaintiffs filed suit against Wells Fargo in Texas state court, and Wells Fargo timely removed the case, on diversity grounds, to the United States District Court for the Northern District of Texas. Wells Fargo filed a motion to dismiss, which the district court granted. Plaintiffs timely appealed.

2

## STANDARD OF REVIEW

We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim, and is also reviewed de novo." *Flaherty*, 565 F.3d at 206. To avoid dismissal under Rule 9(b), a complaint must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* at 207.

## DISCUSSION

The first amended complaint asserts state-law claims for wrongful foreclosure, violation of the Texas Deceptive Trade Practices Act ("TDTPA"), breach of contract, fraud, negligent misrepresentation, and negligent undertaking. In a thorough and well-reasoned opinion, the district court granted defendant's motion to dismiss, concluding that the first amended complaint failed to state a viable claim for relief.

## I.    Wrongful Foreclosure

The district court held, and we agree, that plaintiffs fail to state a viable claim for wrongful foreclosure because they never lost possession of the Property. *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007–08 (S.D. Tex. 2011) ("[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure."); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. Ct. App. 1998) ("Recovery [for wrongful foreclosure] is conditioned on the

disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").

## II.   TDTPA

The district court held, and we agree, that plaintiffs' TDTPA claim fails as a matter of law because plaintiffs are not "consumers" within the meaning of the Act, and they did not seek or acquire "goods or services" as defined by the Act. *See Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. Ct. App. 2007) ("[A] person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service."); *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 595 (W.D. Tex. 2012) ("Texas federal courts have recently addressed DTPA claims like [plaintiff]'s claim and concluded that a person seeking a loan modification under the HAMP using a loan servicer is not a consumer under the DTPA.") (collecting cases).

## III.   Breach of Contract and Promissory Estoppel

The district court held, and we agree, that the plaintiffs' breach of contract claim fails as a matter of law because the parties' oral agreement to enter into loan modification proceedings never ripened into an enforceable contract due to plaintiffs' lack of consideration, *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 702 (Tex. Ct. App. 2008) ("When a party agrees to do no more than that which he is already bound to do under an existing contract, the consideration is not sufficient to support a modification."), and the putative oral contract to delay repayment of the $234,800 loan is barred by the statute of frauds, *see* Tex. Bus. & Com. Code § 26.02(b) ("A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 571 (S.D. Tex. 2012) ("The statute of frauds bars and makes unenforceable oral modifications to a loan agreement under § 26.02 unless they fall within an exception to the statute of frauds or do not

4

materially alter the obligations imposed by the original contract.") (internal quotation marks omitted).

Plaintiffs' promissory estoppel claim is similarly barred by the statute of frauds because there is no allegation that there was an existing written agreement relating to defendant's acceptance of lower payments and delay in foreclosure that defendant promised to sign. *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 549 (5th Cir. 2010) ("Under Texas law, promissory estoppel requires that 'the agreement that is the subject of the promise must comply with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it.'") (quoting *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 438 (Tex. Ct. App. 2002)).

## IV.   Fraud

The district court held, and we agree, that plaintiffs' claim for fraud fails to meet the strictures of Federal Rule of Civil Procedure 9(b) because plaintiffs do not state the identity of any speaker alleged to have made fraudulent statements, nor do they allege where and when such statements were made. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) ("This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (internal quotation marks and citations omitted). Given that plaintiffs did not cure this deficiency after having been granted leave to amend their complaint, dismissal was appropriate. *See United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 724–25 (5th Cir. 2008).

## V.   Negligent Misrepresentation

The district court held, and we agree, that plaintiffs' claim for negligent misrepresentation fails as a matter of law because the statements at issue—alleged promises that plaintiffs would be found eligible for HAMP and the foreclosure sale would be postponed—are representations as to conditional

future events and promises of future conduct, not statements of existing fact, and "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012) (citing *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. Ct. App. 2007)).

## VI.   Negligent Undertaking

The district court held, and we agree, that plaintiffs' claim for negligent undertaking fails as a matter of law because plaintiffs allege no physical harm resulting from Wells Fargo's voluntary undertaking of services. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000) ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for *physical harm* resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking." (quoting Restatement (Second) of Torts § 323 (1965))) (emphasis added); *see also Vodicka v. Lahr*, No. 03-10-00126-CV, 2012 WL 2075713, at *6 (Tex. Ct. App. Jun. 6, 2012) (holding that plaintiffs failed to state a claim for negligent undertaking because that tort requires proof of "physical harm resulting from failure to exercise reasonable care in rendering services to another," and plaintiffs had alleged only economic harm).

### CONCLUSION

For the foregoing reasons, we conclude that the district court properly dismissed plaintiffs' first amended complaint.  AFFIRMED.