**Cynthia De Leon STOLTS, Plaintiff,**

v.

**WELLS FARGO BANK, NA, Defendant.**

Case No. 1:13–CV–19.

United States District Court, S.D. Texas, Brownsville Division.

Signed Jan. 16, 2014.

Luis R. Hernandez, Zayas & Hernandez, P.C., Brownsville, TX, for Plaintiff.

Jason Levi Sanders, Ethan M. Lange, Susan E. Adams, Robert T. Mowrey, Locke Lord LLP, Dallas, TX, Lecia L. Chaney, Colvin, Chaney, Saenz & Rodriguez, LLP, Brownsville, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

ANDREW S. HANEN, District Judge.

Before the Court are Defendant Wells Fargo's Motion to Dismiss, [Doc. No. 5] and Motion for Summary Judgment, [Doc. No. 18]. For the reasons below, Defendant's Motion for Summary Judgment is granted and Defendant's Motion to Dismiss is denied as moot.

## I. BACKGROUND

### A. Factual Background and Procedural History

This case centers on promises allegedly made by Defendant, Wells Fargo Bank, to Plaintiff, Cynthia De Leon Stolts regarding an alleged loan modification application on her house mortgage. [Doc. No. 1 Ex. D–3 at 2]. Plaintiff and Philip Stolts (collectively, the "Stoltses") originally executed a note payable to Realty Mortgage Corporation on November 13, 2007 as well as a Deed of Trust granting a security interest in the property. Realty Mortgage later indorsed the note to Wells Fargo and also assigned the Deed of Trust to Wells Fargo. In 2011, the Stoltses defaulted on the loan by failing to make timely payments. Plaintiff contacted Wells Fargo later that year to report difficulties in making payment, prompting Wells Fargo to request documents for loss mitigation review. Wells Fargo did not receive any documents in response. The Stoltses again defaulted in April 2012 by failing to timely submit their payment, prompting Wells Fargo to mail notices of default to

both Plaintiff and Mr. Stolts later that month. In May 2012 Wells Fargo also mailed the Stoltses stating that no loss mitigation agreement was reached, and in August 2012, Wells Fargo notified the Stoltses that it had not received the documents necessary to consider a loan modification. The Stoltses did not cure the default, and on November 27, 2012, Wells Fargo notified the Stoltses that a foreclosure sale was scheduled for December 4, 2012.

The Plaintiff filed suit in Texas court against Wells Fargo on January 25, 2013 attacking the foreclosure. Plaintiff's claims centered around Wells Fargo's alleged oral promise that a loan modification to Plaintiff's mortgage was under consideration. Plaintiff's state law claims were breach of contract, promissory estoppel, negligent misrepresentation, common law fraud, fraud by nondisclosure, and statutory fraud. [Doc. No. 1 Ex. D–3]. Plaintiff also requested exemplary damages and a temporary restraining order. [Doc. No. 1 Ex. D–3 at 5–7].

On February 6, 2013, Wells Fargo removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446. Subsequently, on February 21, 2013, Wells Fargo filed a 12(b)(6) Motion to Dismiss. Plaintiff never filed a response. In turn, this Court ordered the unopposed Motion to Dismiss to be treated as a Motion for Summary Judgment, pursuant to the Federal Rules of Civil Procedure 12(d). [Doc. No. 15]. Defendants then filed a Motion for Summary Judgment on November 13, 2013. [Doc. No. 18]. Plaintiff has yet to file a response.

## B. Legal Standards

Local Rule 7.3 of the Southern District of Texas requires the submission of Plaintiff's responses to Defendant's motions in twenty-one days. No response, timely or otherwise, was ever filed by Plaintiff. Although the Court is thus entitled to treat the motions as unopposed, *see* S.D. Tex. L.R. 7.4, the Court nonetheless analyzes the underlying merits of Defendant's motions below. *See Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir.2006) (citing *John v. State of Louisiana,* 757 F.2d 698, 709 (5th Cir.1985)) (trial court should not grant judgment solely by default on dispositive motion for failure to respond).

A movant is entitled to summary judgment if the "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Once a movant makes a properly supported motion, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must go beyond the pleadings and provide specific facts showing that there is a genuine issue for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A material fact dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Ordinarily, the court would "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

## II. DISCUSSION

Based on the records before the Court, Plaintiff's claims all fail. In short, Plain-

tiff's claims are fatally defective because Wells Fargo's alleged promise that a loan modification was "under consideration" is not legally enforceable and there is no factual evidence that Wells Fargo ever breached this alleged promise.[1] This Court will first discuss Plaintiff's contract claims before discussing her tort claims.

## A. Contract Claims

### 1. Plaintiff's breach of contract claim fails

■ "Under Texas law, the elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir.2003) (citing *Renteria v. Trevino*, 79 S.W.3d 240, 242 (Tex.App.-Houston 14th Dist.2002, no pet.); *La Villa Indep. Sch. Dist. v. Gomez Garza. Design, Inc.*, 79 S.W.3d 217, 225 (Tex.App.-Corpus Christi 2002, pet. denied)).

■ Plaintiff's breach of contract claim fails for two reasons. First, the alleged promise to consider a loan modification is unenforceable due to lack of consideration. Contracts modifications are permitted if such modifications satisfy all contractual elements. *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 702 (Tex.App. 2008) ("A contract modification must satis-

fy the traditional requirements of a contract—there must be a meeting of the minds supported by consideration."); *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 228 (Tex.1986) ("Parties have the power to modify their contracts. A modification must satisfy the elements of a contract: a meeting of the minds supported by consideration.") (internal citations omitted); *James v. Wells Fargo Bank, N.A.*, 533 Fed.Appx. 444, 447 (5th Cir.2013) ("[T]he plaintiffs' breach of contract claim fails as a matter of law because the parties' oral agreement to enter into loan modification proceedings never ripened into an enforceable contract due to plaintiffs' lack of consideration ....") (internal citations omitted). Under the undisputed facts as well as Plaintiff's pleadings, Plaintiff's breach of contract claims fail because she did not offer any consideration for Defendant's alleged promise to consider her loan modification.

■ Second, under Plaintiff's pleadings and the factual record, there was no breach of Defendant's alleged promise that Plaintiff's "loan modification was under consideration[,]" *see* [Doc. No. 1 Ex. D–3 at 2], because the undisputed facts indicate that Defendant never made this promise.[2] Instead, the factual record indicates that Defendant notified Plaintiff that she failed to provide the necessary documents required for a loan modification application. *See* [Doc. No. 18 Ex. A]. Therefore, Plaintiff's claim for breach of contract fails as a

---

1. The same analysis applied to Plaintiff's claim in her deposition that Defendant promised to "work with her." *See* [Doc. No. 18 Ex. B at *25].

2. Even under Plaintiff's pleadings, there was no breach of Defendant's alleged promise that Plaintiff's "loan modification was under consideration." *See* [Doc. No. 1 Ex. D–3 at 2] (containing Plaintiff's pleadings). Plaintiff has pleaded that "[d]uring that period of consideration, the Defendants proceeded forward

with foreclosure." [Doc. No. 1 Ex. D–3 at 2]. This foreclosure proceeding does not violate Defendant's alleged promise to merely consider the loan modification. *See Sw. Bell Tel. Co. v. Fitch*, 801 F.Supp.2d 555, 566 (S.D.Tex. 2011) ("A breach [of contract] occurs when a party fails or refuses to do something he has promised to do.") (citing *Townewest Homeowners Ass'n, Inc. v. Warner Commc'n Inc.*, 826 S.W.2d 638, 640 (Tex.App.1992)).

matter of law under both the pleadings and the factual record before this Court.[3]

### 2. Plaintiff's promissory estoppel claim fails

■ Under Texas law, "[p]romissory estoppel applies to bar the application of the statute of frauds and allow the enforcement of an otherwise unenforceable oral agreement when (1) the promisor makes a promise that he should have expected would lead the promisee to some definite and substantial injury; (2) such an injury occurred; and (3) the court must enforce the promise to avoid the injury." *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 438 (Tex.App.2002) (internal citations omitted).

■ Plaintiff's promissory estoppel claim fails; the record does not contain any evidence that the Defendant made a promise it should have expected would lead the Plaintiff to some definite and substantial injury.[4]

---

3. Even if Plaintiff had pleaded an implied promise by Wells Fargo not to foreclose while considering the loan modification, her breach of contract claim would still fail. This is because such a promise would be subject to the Statute of Frauds since it would modify the underlying mortgage agreement's foreclosure terms. Modifications to mortgages exceeding $50,000 are subject to the statute of frauds. *See Kiper v. BAC Home Loans Servicing, LP*, 884 F.Supp.2d 561, 571 (S.D.Tex. 2012) ("The statute of frauds bars and makes unenforceable oral modifications to a loan agreement under § 26.02 unless they fall within an exception to the statute of frauds or do not materially alter the obligations imposed by the original contract.") (internal quotation marks omitted); *see also* Tex. Bus. & Com.Code § 26.02(b) ("A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."). In this case, Plaintiff's underlying mortgage is subject to the Statute of Frauds because it exceeds $50,000. [Doc. No. 4 Ex. A] (Deed of Trust). Therefore, even if she had pleaded the existence of a loan modification and promise not to foreclose during consideration of this modification, Plaintiff's claims would still fail as a matter of law and there is no evidence supplied to create a fact issue.

In two unpublished cases, the Fifth Circuit has dismissed similar claims. *See Milton v. U.S. Bank Nat. Ass'n*, 508 Fed.Appx. 326, 329 (5th Cir.2013); *James v. Wells Fargo Bank, N.A.*, 533 Fed.Appx. 444, 447 (5th Cir.2013). Both *James* and *Milton* involve more substantial breach of promise allegations: plaintiffs alleged in each case that the bank promised not to foreclose while considering the loan modification. Nevertheless, the Fifth Circuit dismissed the plaintiffs' respective claims in each case, in part due to the statute of frauds. *See Milton*, 508 Fed.Appx. at 329 (applying the Statute of Frauds to dismiss a breach of contract claim regarding a creditor's alleged promise not to foreclose until a loan modification application was reviewed); *see also James*, 533 Fed.Appx. at 447 (same).

4. Plaintiff's claims would fail as a matter of law under her pleadings alone. Promissory estoppel claims premised on promises to negotiate fail as a matter of law because they are not sufficiently definite, and therefore a promise that Plaintiff's loan modification was "under consideration" would not trigger the promissory estoppel doctrine. Under Texas law, the alleged promise sustaining a promissory estoppel claim must not be "too vague and indefinite." *Addicks Servs., Inc. v. GGP–Bridgeland, LP*, 596 F.3d 286, 300 (5th Cir. 2010) (citing *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 570 (Tex.App.-Dallas 1989, no writ)). Promises to negotiate fail to meet this requirement. *See Addicks*, 596 F.3d at 301 ("[S]tatements of an intention to reach agreement have been found too vague and indefinite to survive summary judgment on promissory estoppel."); *see also Watson v. CitiMortgage, Inc.*, 530 Fed.Appx. 322, 327 (5th Cir.2013) (evidence that bank "exercised forbearance and expressed a willingness to consider modification ...." were nothing more than "indefinite assurance[s] of an ongoing negotiation process"); *Lopez v. JP Morgan Chase Bank, N.A.*, SA–11–CA–0936–XR, 2011 WL 6217382, at *3 (W.D.Tex. Dec. 13, 2011) (finding that plaintiff's allegations that the bank would delay foreclosure pending the loan modification negotiation was insufficient

## B. Tort Claims

### 1. Plaintiff's negligent misrepresentation claim fails

■ "The elements of a cause of action for [negligent misrepresentation] are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *See Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 686 (Tex.2003) (citing *Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991)).

■ Plaintiff's negligent misrepresentation claim fails; there is no evidence that Defendant failed to consider a loan modification submitted by Plaintiff. There is also no evidence that Defendant failed to meet any other of its representations to the Plaintiff. Therefore, Plaintiff has failed to raise a factual issue regarding her negligent misrepresentation claim.[5]

to establish a plausible claim for breach of contract or promissory estoppel).

Additionally, even if Plaintiff's allegations were refrained to state that Defendant promised not a foreclose while considering her loan modification and even if the factual evidence supported this claim, Plaintiff's promissory estoppel claims would be barred by the statute of frauds. This is because "[u]nder Texas law, promissory estoppel requires that 'the agreement that is the subject of the promise must comply with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 549 (5th Cir.2010) (citing *Exxon Corp. v. Breezevale Ltd.,* 82 S.W.3d 429, 438 (Tex.App. 2002)). Plaintiff has both failed to allege and provide any evidence that the creditor promised to sign a written foreclosure delay agreement and that the agreement existed when the creditor's oral promise was made. Instead, Plaintiff acknowledged during deposition that Wells Fargo never promised her it would sign a written document agreeing to adjust Plaintiff's loan or modify her loan. [Doc. No. 18 Ex. B at *25]. Therefore, these modified promissory estoppel claims would fail. *See James v. Wells Fargo Bank, N.A.,* 533 Fed.Appx. 444, 447 (5th Cir.2013) (applying the Statute of Frauds to dismiss the plaintiff's promissory estoppel claim regarding defendant's alleged oral promises not to foreclose while considering a loan modification because "there is no allegation that there was an existing written agreement relating to defendant's acceptance of lower payments and delay in foreclosure that defendant promised to sign."); *Milton v. U.S. Bank Nat. Ass'n,* 508

Fed.Appx. 326, 329 (5th Cir.2013) (applying the Statute of Frauds to deny the plaintiff's promissory estoppel claim regarding defendant's alleged oral promises not to foreclose while considering a loan modification because "plaintiff has failed to allege or introduce evidence that [the defendant] promised to reduce its alleged oral misrepresentations [not to foreclose while plaintiff's loan modification application was pending] into writing.").

5. Furthermore, even under her pleadings, Plaintiff's claims fail as a matter of law. First, Plaintiff cannot justifiably rely on a promise by Defendant to merely consider a loan modification. Negligent misrepresentation requires justified reliance. *See Henry Schein,* 102 S.W.3d at 686 (citing *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 436 (Tex.1997)). Under Texas law, it is unreasonable to rely on a promise to consider loan modification. *See Powell v. BAC Home Loans Servicing, LP,* 4:11–CV–80, 2011 WL 5837250 (E.D.Tex. Nov. 21, 2011) (denying a promissory estoppel claim regarding a promise to consider a loan modification because "[a]ny reliance on the promise to decide whether Plaintiffs qualified for a loan modification is unjustifiable and unreasonable").

Second, Plaintiff's allegation that Wells Fargo promised to consider her loan modification is a promise of future action which cannot form the basis of a negligent-misrepresentation tort as a matter of law. Negligent misrepresentation must relate to a "statement of existing fact rather than a promise of future conduct." *Scherer v. Angell,* 253 S.W.3d

## 2. Plaintiff's Fraud Claims Fail

■ Under Texas law, the elements of fraud are:

(1) [T]he defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation.

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.,* 348 S.W.3d 194, 217 (Tex.2011) (citing *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex.1990); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983)).

■ Based on the factual record before this Court, which includes depositions of the Plaintiff, the facts do not demonstrate that Defendant failed to consider any loan modifications submitted by the Plaintiff or that Defendant made a promise to consider a loan modification while knowing it would never do so. Plaintiff has failed to raise a fact issue regarding her fraud claims.

■ Additionally, Plaintiff's fraud by nondisclosure claims fail. The elements of fraud by nondisclosure under Texas law are:

(1) [T]he defendant failed to disclose facts to the plaintiff when the defendant had a duty to disclose such facts; (2) the facts were material; (3) the defendant knew of the facts; (4) the defendant knew that the plaintiff was ignorant of the facts and did not have an equal opportunity to discover the truth; (5) the defendant was deliberately silent and failed to disclose the facts with the intent to induce the plaintiff to take some action; and (6) the plaintiff suffered injury as a result of acting without knowledge of the undisclosed facts. Plaintiff must also show that he relied on the omission or concealment.

*Omni USA, Inc. v. Parker–Hannifin Corp.,* 798 F.Supp.2d 831, 852 n. 17 (S.D.Tex.2011) (internal citations omitted).

■ Plaintiff alleged Wells Fargo failed to disclose that her application for

777, 781 (Tex.App.2007) ("[T]he 'false information' contemplated in a negligent misrepresentation case must be a misstatement of an existing fact rather than a promise of future conduct.") (citing *Miller v. Raytheon Aircraft Co.,* 229 S.W.3d 358, 379 (Tex.App.-Houston 1st Dist.2007, no pet.)); *see also Sgroe v. Wells Fargo Bank, N.A.,* 941 F.Supp.2d 731 (E.D.Tex.2013) ("A promise to do or refrain from doing an act in the future is not actionable [for negligent misrepresentation] because it does not concern an existing fact.") (citing *BCY Water Supply Corp. v. Residential Inv., Inc.,* 170 S.W.3d 596, 603 (Tex.App.2005)). A promise by Defendant to consider a loan modification does not relate to any existing fact.

For the same reasons, even if Plaintiff's allegations are re-characterized to state that Defendant promised not to foreclose during consideration of a loan modification, her claims would still fail; a promise to abstain from foreclosure refers to future conduct and thus fails as a matter of law. *See James v. Wells Fargo Bank, N.A.,* 533 Fed.Appx. 444, 448 (5th Cir.2013) (dismissing the plaintiff's negligent misrepresentation regarding defendant's alleged promises not to foreclose while considering a loan modification because they were un-actionable promises of future conduct); *Milton v. U.S. Bank Nat. Ass'n,* 508 Fed.Appx. 326, 329 (5th Cir.2013) (granting summary judgment for the same reason); *De Franceschi v. BAC Home Loans Servicing, L.P.,* 477 Fed.Appx. 200, 205 (5th Cir.2012) ("[T]he alleged statements by the BAC representative [to abstain from foreclosure until while a loan-modification application was pending] were promises of future action rather than representations of existing fact.").

loan modification would not be followed and that, instead, it intended to foreclose on the property. [Doc. No. 1 Ex. D–3 at 4]. According to the record, Plaintiff never submitted a loan modification and Wells Fargo informed Plaintiff of its intent to foreclose. *See* [Doc. No. 18 Ex. A.4, A.6, A.7] (notices of Defendant's intent to foreclose and foreclosure notices). Therefore, Plaintiff has failed to raise a fact issue regarding fraud by nondisclosure.

Lastly, Plaintiff's statutory fraud claims are also unsuccessful. Plaintiff has failed to cite any statutes supporting her statutory fraud claims. The cases Plaintiff cite all relate to Texas Business & Commerce Code § 27.01, which "by its own terms, applies only to fraud in real estate or stock transactions." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir.2008) (citations omitted). "A loan transaction, even if secured by land, is not considered to come under the statute." *Id.* at 343. The record does not contain evidence of fraud regarding a real estate transaction; Plaintiff's statutory fraud claims fail.

## III. CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is GRANTED in full; Defendant's Motion to Dismiss is denied as moot.