# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

No. 24-50948

—————————

Bryan Perrotta; Nicole Perrotta,

*Plaintiffs—Appellants*,

*versus*

Bank of America National Association,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-21

———————————————————

Before Smith, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Bryan and Nicole Perrotta (the "Perrottas") sued Bank of America National Association ("BANA") in Texas state court, asserting claims regarding the foreclosure of their home and their request for a loan modification. After BANA removed the case to federal court, the district court dismissed all claims and denied the Perrottas' motion for leave to amend their complaint to add two fraud claims. The Perrottas now appeal the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court's dismissal of two of their claims—breach of contract and negligent misrepresentation—and denial of their motion for leave to amend. For the following reasons, we AFFIRM.

## I.    Background

The Perrottas allege that in 2006, they entered into a deed of trust with BANA and received a general warranty deed for their property. On October 26, 2023, having fallen behind on their mortgage payments due to financial hardship, the Perrottas submitted a loan modification application to BANA. The next day, they were informed that a foreclosure sale of the property would occur on December 5, 2023. In late November 2023, BANA informed the Perrottas' counsel that once BANA was in possession of all necessary supporting documents, BANA would request to postpone the foreclosure. The Perrottas allege that they submitted the documents that BANA had requested to complete their loan modification application. Then, on December 1, 2023, BANA confirmed receipt of all necessary supporting documents, stated that it would request to stop the foreclosure, but explained that such request could take up to five days to be approved. The Perrottas assert that, although they informed BANA that the foreclosure was only three days away, BANA would not agree to stop the foreclosure sooner.

That same day, the Perrottas filed a petition in Texas state court seeking a temporary restraining order to postpone foreclosure of the property and asserting claims for breach of contract, negligent misrepresentation, wrongful foreclosure, and violation of the Texas Deceptive Trade Practices Act. BANA timely removed the case to federal court based on diversity jurisdiction.

BANA moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). The Perrottas filed a response to BANA's motion and, alternatively, a motion for leave to amend their complaint. Their proposed

amended complaint added two fraud claims: "fraud in a real estate transaction" and "common law fraud." The district court granted the motion to dismiss all claims and denied the Perrottas leave to amend.

The Perrottas now appeal the district court's dismissal of two of their claims—breach of contract and negligent misrepresentation—as well as the denial of their motion for leave to amend. The district court dismissed the breach of contract claim on the grounds that the alleged oral agreement at issue is not enforceable under the Texas statute of frauds. As for the negligent misrepresentation claim, the district court determined that it failed because it was based on a promise of future conduct, not an existing fact. The district court then denied leave to amend on the grounds that amending would be futile.

## II.     Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1332(a).[1] We have appellate jurisdiction under 28 U.S.C. § 1291 because the district court entered a final judgment.

We review a district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6) de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). While we ordinarily review the denial of leave to amend for abuse of discretion, where, as here, the district court's denial is "based solely on futility, we apply a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)."

---

[1]   In removing the case to the federal court, BANA explained that the Perrottas are citizens of Texas, and it is a citizen of North Carolina.  It also stated the amount in controversy is well above $75,000.  The Perrottas agreed in the district court.  We do not see any issue of diversity jurisdiction in this case.

No. 24-50948

*City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) (citation omitted).

Because this case is heard under diversity jurisdiction, we apply Texas substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

### III.     Analysis

### A. Dismissal of Claims

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a lawsuit when the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). While we "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," *In re Katrina*, 495 F.3d at 205 (citation modified), dismissal is appropriate when the complaint does not allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

For the reasons below, we hold that the district court was correct in dismissing the Perrottas' (1) breach of contract claim and (2) negligent misrepresentation claim.

### 1.   Breach of Contract

The district court dismissed the Perrottas' breach of contract claim on the grounds that the alleged oral agreement is not enforceable under the Texas statute of frauds. We agree.

To plead a breach of contract claim in Texas, plaintiffs must allege facts which, if true, would "show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (citation modified).

4

No. 24-50948

Here, the Perrottas did not allege facts showing the existence of a valid contract, because the alleged oral agreement to delay foreclosure is not enforceable under the Texas statute of frauds. Under Texas Business and Commerce Code § 26.02, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328–29 (5th Cir. 2013) (per curiam) (unpublished) (citing Tex. Bus. & Com. Code Ann. § 26.02(a), (b));[2] *see also Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) ("It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, including modifications of those agreements.").

The Perrottas argue that the district court erred in dismissing their breach of contract claim without applying the partial performance exception to the statute of frauds. Under the partial performance exception, "an oral agreement that does not satisfy the traditional statute of frauds but that has been partially performed may be enforced if denying enforcement would itself amount to a fraud." *Bank of Texas v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.) (citation omitted). For the partial performance exception to apply, a plaintiff's partial performance must be "unequivocally referable to the agreement and corroborative of the fact that the contract was made." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 548 (5th Cir. 2010) (citation omitted).

---

[2] Although *Milton* and other unpublished authority cited herein are not "controlling precedent," they "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

Even if the partial performance exception may be applied to the writing requirement of § 26.02, the Perrottas have not alleged facts showing its application here.

The Perrottas cannot satisfy the partial performance exception because they have not alleged facts showing that denying enforcement of the alleged agreement would "amount to a fraud." *Bank of Texas*, 286 S.W.3d at 554. Fraud exists under the partial performance exception when the party claiming the statute of frauds defense "would reap an unearned benefit." *Sullivan*, 600 F.3d at 549 (citation omitted). The Perrottas have not alleged any facts showing that BANA benefited from receiving additional paperwork from the Perrottas. Therefore, they did not allege that enforcement of the partial performance exception would amount to fraud.

More complicated is the question of whether the Perrottas alleged facts showing that their performance was "unequivocally referable to the agreement and corroborative of the fact that the contract was made." *Id.* at 548 (citation omitted). The performance relied upon by the party seeking to enforce the exception "must be such as could have been done with *no other design* than to fulfill [the] particular agreement sought to be enforced." *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439–40 (Tex. App.—Dallas 2002, pet. denied) (citation omitted).

The Perrottas contend that their actions are "unequivocally referable" to the alleged agreement because, since they "could not have known which documents to submit without a request from [BANA], the only reasonable inference is that they provided the documents in response to an agreement with [BANA]." The district court did not reach this step of the analysis, holding that the Perrottas' alleged actions merely "corroborate the fact that [the Perrottas] *wished* to make an agreement with [BANA]," not that an agreement "*already* existed between the parties." On appeal, the

6

Perrottas argue that BANA gave them a unilateral contract offer *to consider* the application, and that agreement became enforceable upon the Perrottas' submission of the requested documents. They assert that the district court "ignore[d] that [they] did not allege that *failure to grant* the application was a breach of contract, but that [BANA's] failure to *consider* the application was a breach of contract."

We need not reach the issue of whether the Perrottas' alleged actions are "unequivocally referable to the agreement and corroborative of the fact that the contract was made." *Sullivan*, 600 F.3d at 548 (citation omitted). The Perrottas did not allege facts showing that enforcement of the statute of frauds would amount to fraud. Therefore, the partial performance exception to the Texas statute of frauds does not apply, and the district court was correct in dismissing the Perrottas' breach of contract claim.

### 2. Negligent Misrepresentation

One element of a Texas negligent misrepresentation claim is that "the defendant supplies 'false information' for the guidance of others in their business." *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). "The sort of false information contemplated in a negligent misrepresentation case is a misstatement of *existing fact*." *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied) (citation modified).

The Perrottas did not allege that BANA made a false statement of *existing* fact, but instead of a future promise to consider the Perrottas' loan modification application. The Perrottas attempt to characterize their allegations as that of existing fact, arguing they "did not merely allege that [BANA] promised to act in the future . . . [but that BANA] misrepresented its then-present intent to act upon receipt of specific documents." This claim fails as a matter of law.

No. 24-50948

Under Texas law, a bank's promise to postpone foreclosure is a "representation[] as to conditional future events and promise[] of future conduct, not [a] statement[] of existing fact." *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 448 (5th Cir. 2013) (per curiam) (unpublished); *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.) (noting that a promise of future action does not support a claim of negligent misrepresentation). Such "promises of future action are not actionable as a negligent-misrepresentation tort." *James*, 533 F. App'x at 448 (citation modified).

Dismissal of the negligent misrepresentation claim was appropriate.

## B. Denial of Leave to Amend

The district court held that the Perrottas' "motion for leave to amend their complaint should be denied because it is futile." We agree.

"[A]n amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted). "[A] district court need not grant a futile motion to amend." *Id.* (citation omitted).

First, allowing the Perrottas' proposed amended complaint would be futile because it did not adequately plead fraudulent intent. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001) (noting that one element of fraud is that the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth"). To adequately plead fraudulent intent, "a plaintiff must set forth specific facts to support an inference of fraud." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 565 (5th Cir. 2002) (citation omitted).

8

The Perrottas' proposed amended complaint did not allege facts supporting an inference of fraud. Instead, it merely stated that BANA "made the promise" to request postponement of the foreclosure sale "without intention of fulfilling performance" and that "[t]his false representation was made knowingly." These are conclusory assertions, not specific facts sufficient to infer fraudulent intent. The Perrottas assert that the proposed amended complaint "described a pattern of conduct for which a plausible inference can be drawn that [BANA] never intended to follow through on considering the application or postponing the foreclosure." But such pattern was not alleged in the proposed amended complaint.

Second, the Perrottas' proposed amended complaint did not meet the heightened standard for pleading fraud. Under Federal Rule of Civil Procedure 9(b), a party pleading fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). We interpret Rule 9(b) to require a plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd.*, 302 F.3d at 564–65 (citation modified).

The Perrottas' proposed amended complaint does not meet this standard. Their fraud claims rest on the broad allegations discussed above, with the proposed amended complaint not adding any substantive facts to meet the heightened pleading requirement.

Therefore, amending would be futile, and the district court was correct in denying the Perrottas' motion for leave to amend.

### IV.    Conclusion

For the reasons discussed, we AFFIRM the district court's dismissal of the Perrottas' breach of contract and negligent misrepresentation claims and its denial of the Perrottas' motion for leave to amend their complaint.